**CT Corporation**

**Service of Process Transmittal**
03/16/2021
CT Log Number 539219215

**TO:**   Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:**   **Process Served in California**

**FOR:**   FCA US LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christopher Berrian, etc., Pltf. vs. FCA US, LLC, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice |
| **COURT/AGENCY:** | Solano County - Superior Court - Fairfield, CA Case # FCS056170 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Jeep Grand Cherokee, VIN: 1C4RJFAG6JC466020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/16/2021 at 13:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David N. Barry THE BARRY LAW FIRM 11845 W. Olympic Blvd., Suite 1270 Los Angeles, CA 90064 (310) 684-5859 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/17/2021, Expected Purge Date: 03/22/2021 Image SOP Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 818 West 7th Street Los Angeles, CA 90017 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Tue, Mar 16, 2021

**Server Name:**        Paul Biafore

Entity Served        FCA US LLC

Agent Name           C T CORPORATION SYSTEM (C0168406)

Case Number          FCS056170

Jurisdiction         CA



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FCA US, LLC, A Delaware Limited Liability Company; and DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER BERRIAN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Old Solano Courthouse<br>580 Texas Street<br>Fairfield, CA 94533 | CASE NUMBER:<br>*(Número del Caso):* **F C S 0 5 6 1 7 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David N. Barry, Esq. 11845 W. Olympic Blvd., Suite 1270, Los Angeles, CA 90064  (310) 684-5859

| DATE:<br>*(Fecha)* **MAR  8 2021** | Clerk, by<br>*(Secretario)* _____ **S. MISCHKE** _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| |    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| |          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| |          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| |          ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  DAVID N. BARRY, ESQ. (SBN 219230)
   THE BARRY LAW FIRM
2  11845 W. Olympic Blvd., Suite 1270
   Los Angeles, CA 90064
3  Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
5  Attorneys for Plaintiff, CHRISTOPHER BERRIAN

FILED/ENDORSED
Clerk of the Superior Court

MAR 08 2021

By  S. MISCHKE
        DEPUTY CLERK

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SOLANO – OLD SOLANO COURTHOUSE**

10

CHRISTOPHER BERRIAN, an individual,          Case No. **F C S 0 5 6 1 7 0**

11

12                        Plaintiff,                   **COMPLAINT FOR DAMAGES**

13          v.

14

15  FCA   US,   LLC,   A   Delaware   Limited

16  Liability Company; and DOES 1 through 20,

17  inclusive,                                  *Assigned for all purposes to the Hon.*
                                                *in Dept.* 22  **ASSIGNED TO,**
18                        Defendants.
                                                **JUDGE  ALESIA JONES**
19
                                                **FOR ALL PURPOSES**
20

21          1.   Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.

22          2.   Breach of Express Warranty under the Song-Beverly Warranty Act.

23          JURY TRIAL DEMANDED.

24

25

26

27

28

-1-
**COMPLAINT FOR DAMAGES**

1  PLAINTIFF CHRISTOPHER BERRIAN, an individual, hereby alleges and complain as
2  follows:

3  **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4  1.   Defendant, FCA US, LLC (hereinafter referred to as "Manufacturer"), is a limited
5  liability company doing business in the County of Solano, State of California, and, at all times
6  relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Jeep
7  motor vehicles and related equipment.

8  2.   The true names and capacities, whether individual, corporate, associate, or otherwise,
9  of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these
10 Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth
11 their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and
12 believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is
13 responsible in some manner for the events and happenings herein referred to and caused injury and
14 damage to Plaintiff as herein alleged.

15 3.   Plaintiff is informed and believes, and thereon alleges, that at all times herein
16 mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of
17 their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the
18 things hereinafter alleged Defendants, and each of them, were acting in the course and scope of
19 their employment as such agents, servants, and/or employees, and with the permission, consent,
20 knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

21 4.   On or about August 3, 2018, Defendants Manufacturer and Does 1 through 20
22 inclusive, manufactured and/or distributed into the stream of commerce a new 2018 Jeep Grand
23 Cherokee, VIN 1C4RJFAG6JC466020 (hereinafter referred to as the "Vehicle") for its eventual
24 sale/lease in the State of California.

25 5.   On or about September 3, 2018, Plaintiff purchased, a new 2018 Jeep Grand
26 Cherokee, for personal, family, and/or household purposes. The purchase agreement is in the
27 possession of Defendants.

28 ///

**COMPLAINT FOR DAMAGES**

6. The Subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

7. Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for Three (3) years or 36,000 miles under the basic warranty and Five (5) years or 100,000 miles under the powertrain warranty and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

8. Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

9. Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, on at least five (5) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair Orders/Invoices are in the possession of Defendants.

10. By way of example, and not by way of limitation, Plaintiff has submitted the subject Vehicle for defects and malfunctions, specifically issues with the ignition, the service shifter light appearing on the dashboard, reoccurring issues with the driver's door ajar message appearing when door is already closed, inoperable auto start stop, defective driver door latch, check engine light issues, engine shut off issues, cellular device will not connect to Bluetooth, issues with the blinking neutral light appearing, windshield wipers turning on by itself, and issues with the vehicle's

1  exterior lights.

2       11.    Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-

3  authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the

4  defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and

5  demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts

6  to conform the Vehicle to the applicable warranties.

7       12.    Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-

8  authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that

9  they could and would conform the Vehicle to the applicable warranties, that in fact they did

10  conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments,

11  and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to

12  conform the Vehicle to the applicable warranties because said defects, malfunctions,

13  misadjustments, and/or nonconformities continue to exist even after a reasonable number of

14  attempts to repair was given.

15       13.    The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS

16  ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against

17  Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants,

18  and each of them, for incidental, consequential, exemplary, and actual damages including interest,

19  costs, and actual attorneys' fees.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act

### Against all Defendants

14.     Plaintiff realleges each and every paragraph (1-13) and incorporates them by this reference as though fully set forth herein.

15.     The distribution and sale of the Vehicle was accompanied by the Manufacturer implied warranty that the Vehicle was merchantable.

16.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

17.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

18.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

19.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to

-5-

**COMPLAINT FOR DAMAGES**

1 | comply.

2 |      20.    Plaintiff hereby gives written notice and makes demand upon Manufacturer for

3 | replacement or restitution, pursuant to Song-Beverly. Defendants, and each of them, knew of their

4 | obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of

5 | them, have intentionally failed and refused to make restitution or replacement pursuant to Song-

6 | Beverly.

7 |      21.    As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff

8 | has sustained damage in the amount actually paid or payable under the contract, plus prejudgment

9 | interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the

10 | exact amount thereof when that amount is ascertained.

11 |      22.    As a further result of the actions of Defendants, and each of them, Plaintiff has

12 | sustained incidental and consequential damages in an amount yet to be determined, plus interest

13 | thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact

14 | amount of incidental damages when that amount is ascertained.

15 |      23.    As a further result of the actions of Defendants, and each of them, Plaintiff has

16 | sustained damages equal to the difference between the value of the Vehicle as accepted and the

17 | value the Vehicle would have had if it had been as warranted.

18 |      24.    As a direct result of the acts and/or omissions of Defendants, and each of them, and

19 | in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to

20 | Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

21 | based upon actual time expended and reasonably incurred, in connection with the commencement

22 | and prosecution of this action.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### Breach of Express Warranty under Song-Beverly Warranty Act

### Against all Defendants

25.   Plaintiff realleges each and every paragraph (1-24) and incorporates them by this reference as though fully set forth herein.

25.   The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

26.   Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

27.   Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

28.   The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

29.   Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

30.   Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly. Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly. The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

31.   As a result of the acts and/or omissions of Defendants, and each of them, and

**COMPLAINT FOR DAMAGES**

1   pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or

2   restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus

3   prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this

4   Complaint to set forth the exact amount of restitution and interest, upon election, when that amount

5   has been ascertained.

6       32.    Additionally, as a result of the acts and/or omissions of Defendants, and each of

7   them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and

8   incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff

9   will seek leave of the court to amend this complaint to set forth the exact amount of consequential

10  and/or incidental damages, when those amounts have been ascertained.

11      33.    As a direct result of the acts and/or omissions of Defendants, and each of them, and

12  in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to

13  Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

14  based upon actual time expended and reasonably incurred, in connection with the commencement

15  and prosecution of this action.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against all Defendants, and each of them, as follows:

      A. For replacement or restitution, at Plaintiff's election, according to proof;

      B. For incidental damages, according to proof;

      C. For consequential damages, according to proof;

      D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

      E. For actual attorney's fees, reasonably incurred;

      F. For costs of suit and expenses, according to proof;

      G. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

      H. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

      I. For pre-judgment interest at the legal rate;

      J. Such other relief the Court deems appropriate.

Date:   March 3, 2021

THE BARRY LAW FIRM

By:

DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
CHRISTOPHER BERRIAN

-9-
**COMPLAINT FOR DAMAGES**



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   CHRISTOPHER BERRIAN

Case No.  FCS056170

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

Defendant(s):  FCS US, LLC, A Delaware Limited Liability Company

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

**Date:**  JULY 28, 2021          **Time:**  9:00 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Alesia F. Jones, Department 22

**ALL HEARINGS WILL BE HELD AT:**  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV. 01-01-2020

9.    At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.    Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.    At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.    The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> *http://www.courts.ca.gov/rules.htm*
> *http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐    I personally served the person named below on (*date*):_____at

(*time*)_____.

Name:  _____

☐ Party          ☐ Attorney of Record          ☐ Representative

> I,_____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes*.
>
> Date: _____    _____
>                                              Signature

☑    I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

DAVID N. BARRY, ESQ.
11845 W OLYMPIC BLVD SUITE 1270W
LOS ANGELES, CA 90064

☐ See attached for additional service addresses

Date:  3/11/2021                    Clerk of the Court
                                     Superior Court of California, County of Solano

                                     By: _____  **S. MISCHKE** _____

                                     Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**